**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| In Re | § | |
| | § | Chapter 11 |
| WHITE STAR PETROLEUM HOLDINGS, | § | |
| LLC, *et al.,* | § | Case No. 19-12521-JDL |
| | § | |
| Debtors. | § | Jointly Administered |
| | § | |
| | § | |
| BAKER HUGHES OILFIELD | § | |
| OPERATIONS LLC; and | § | |
| MS DIRECTIONAL, LLC, | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | |
| V. | § | ADVERSARY NO. _____ |
| | § | |
| WHITE STAR PETROLEUM, LLC; | § | |
| WHITE STAR PETROLEUM II, LLC; | § | |
| MUFG UNION BANK NA; | § | |
| ENLINK OKLAHOMA GAS PROCESSING, LP; | § | |
| BLUE OX PARTNERS LLC; | § | |
| ONEOK FIELD SERVICES COMPANY, L.L.C.; | § | |
| ROSE ROCK MIDSTREAM FIELD | § | |
| SERVICES, LLC; | § | |
| WILDBOAR ENERGY LLC; | § | |
| AG & OIL FIELD, LLC; | § | |
| CACTUS DRILLING COMPANY, LLC; | § | |
| CASING EQUIPMENT SUPPLY, LLC; | § | |
| GREAT PLAINS OILFIELD RENTAL, LLC; | § | |
| H2 SERVICES, LLC; | § | |
| HALLIBURTON ENERGY SERVICES, INC.; | § | |
| IMPAC EXPLORATION SERVICES, INC.; | § | |
| INTEGRATED FLUID SYSTEMS, LLC; | § | |
| JACKSON ELECTRICAL CONSTRUCTION, | § | |
| LLC; JOURNEY OILFIELD EQUIPMENT, LLC; | § | |
| LEGACY OFS CONSTRUCTION, LLC; | § | |
| LONGHORN ENERGY SERVICES, LLC; | § | |
| MIDCON SOLUTIONS, LLC; | § | |
| MONSTER SERVICES, LLC; | § | |
| MUSTANG HEAVY HAUL, LLC; | § | |
| NATIONAL OILWELL DHT, LP; | § | |
| OIL STATES ENERGY SERVICES, LLC; | § | |
| PAYZONE COMPLETION SERVICES, LLC; | § | |

1

PUMP DOWN SOLUTIONS, LLC;                          §
PYRAMID TUBULAR PRODUCTS, LLC;                     §
RAM OILFIELD SERVICES, LLC;                        §
REDZONE COIL TUBING, LLC D/B/A                     §
NINE ENERGY SERVICE;                              §
RESISTOL SERVICES, LLC;                            §
SHEBESTER-BECHTEL, INC.;                           §
SMITH INTERNATIONAL, INC.;                         §
THRU TUBING SOLUTIONS, INC.;                       §
TRES MANAGEMENT, INC.;                             §
ULTERRA DRILLING TECHNOLOGIES, LP;                §
WESTERN WORKSTRINGS, LLC;                          §
WHITE'S WELDING, LLC;                              §
WHITE'S ENERGY SERVICES, LLC; and                 §
WILDCAT WELLHEAD SERVICES, LLC,                    §
                                                  §
        DEFENDANTS.                               §


**BAKER HUGHES OILFIELD OPERATIONS LLC AND MS DIRECTIONAL, LLC'S ORIGINAL COMPLAINT FOR (I) DECLARATORY JUDGMENT REGARDING AMOUNT, VALIDITY, PRIORITY, AND EXTENT OF LIENS (II) DECLARATORY JUDGMENT REGARDING STATUTORY TRUST FUNDS, AND (III) LIEN FORECLOSURE AGAINST NON-DEBTOR WORKING INTEREST OWNERS AND FIRST PURCHASERS**
**(Section 22/17N/21W Roger Mills County, Oklahoma)**

Baker Hughes Oilfield Operations LLC ("Baker Hughes") and MS Directional, LLC ("MS Directional" and collectively with Baker Hughes, "Plaintiffs") file this Original Complaint against White Star Petroleum, LLC ("WSP"); White Star Petroleum II, LLC ("WSP II"); MUFG Union Bank NA ("MUFG"); EnLink Oklahoma Gas Processing, LP ("EnLink"); Blue Ox Partners, LLC ("Blue Ox"); Oneok Field Services Company, L.L.C. ("Oneok"); Rose Rock Midstream Field Services, LLC ("Rose Rock"); Wildboar Energy LLC ("Wildboar"); AG & Oil Field, LLC ("AG"); Cactus Drilling Company, LLC ("Cactus"); Casing Equipment Supply, LLC ("Casing"); Great Plains Oilfield Rental, LLC ("Great Plains"); H2 Services, LLC ("H2"); Halliburton Energy Services, Inc. ("Halliburton"); Impac Exploration Services, Inc. ("Impac"); Integrated Fluid Systems, LLC ("Integrated"); Jackson Electrical Construction, LLC ("Jackson"); Journey Oilfield

Equipment, LLC ("Journey"); Legacy OFS Construction, LLC ("Legacy"); Longhorn Energy Services, LLC ("Longhorn"); MidCon Solutions, LLC ("Midcon"); Monster Services, LLC ("Monster"); Mustang Heavy Haul, LLC ("Mustang"); National Oilwell DHT, LP ("NOV"); Oil States Energy Services, LLC ("Oil States"); Payzone Completion Services, LLC ("Payzone"); Pump Down Solutions, LLC ("Pump Down"); Pyramid Tubular Products, LLC ("Pyramid"); Ram Oilfield Services, LLC ("Ram"); RedZone Coil Tubing, LLC d/b/a Nine Energy Service ("RedZone"); Resistol Services, LLC ("Resistol"); Shebester-Bechtel, Inc. ("Shebester"); Smith International, Inc. ("Smith"); Thru Tubing Solutions, Inc. ("Thru"); Tres Management, Inc. ("Tres") Ulterra Drilling Technologies, LP ("Ulterra"); Western Workstrings, LLC ("Western"); White's Welding, LLC ("White Welding"); White's Energy Services, LLC ("White Energy"); and Wildcat Wellhead Services, LLC ("Wildcat") as follows:[1]

# I.
## Parties

### Plaintiffs

1.      Baker Hughes is a California limited liability company with its offices and principal place of business in Houston, Harris County, Texas.

2.      MS Directional is Texas limited liability company with its offices and principal place of business in Conroe, Montgomery County, Texas.

### Defendants

3.      WSP is a debtor in the above-captioned jointly administered chapter 11 cases.  WSP may be served through its attorneys of record (i) John D. Dale, GABLEGOTWALS, 1100 ONEOK

---

[1]    AG, Cactus, Casing Equipment, Great Plains, H2, Halliburton, Impac, Integrated, Jackson, Journey, Legacy, Longhorn, MidCon, Monster, Mustang, NOV, Oil States, Payzone, Pump Down, Pyramid, Ram, RedZone, Resistol, Shebester, Smith, Thru, Tres, Ulterra, Western, White Welding, White Energy, and Wildcat are collectively the "Other M&M Lien Claimants."

Plaza, 100 West 5th Street, Tulsa, Oklahoma 74103-4217, (ii) Craig M. Regens, GABLEGOTWALS, One Leadership Square, 211 North Robinson, Oklahoma City, Oklahoma 73102, and/or (iii) Andrew G. Dietderich, Brian D. Glueckstein, and/or Alexa J. Kranzley, SULLIVAN & CROMWELL LLP, 125 Broad Street, New York, New York 10004.

    4.    WSP II is a debtor in the above-captioned jointly administered chapter 11 cases. WSP may be served through its attorneys of record (i) John D. Dale, GABLEGOTWALS, 1100 ONEOK Plaza, 100 West 5th Street, Tulsa, Oklahoma 74103-4217, (ii) Craig M. Regens, GABLEGOTWALS, One Leadership Square, 211 North Robinson, Oklahoma City, Oklahoma 73102, and/or (iii) Andrew G. Dietderich, Brian D. Glueckstein, and/or Alexa J. Kranzley, SULLIVAN & CROMWELL LLP, 125 Broad Street, New York, New York 10004.

    5.    MUFG is the administrative and collateral agent for certain lenders ("Lenders") under a Revolving Credit Agreement, dated as of June 30, 2016 and as amended, by and between Lenders, WSP, and White Star Petroleum II, LLC and may be served with process through its registered agent, Carl A. Stutzman, at 500 N. Akard Street, Ste. #4200, Dallas, Texas 75201 and/or its attorneys of record (i) Neal Tomlins, TOMLINS & PETERS, PLLC, Southern Hills Tower, Ste. 305, 2431 East 61st Street, Tulsa, Oklahoma 74136, (ii) Daniel J. McGuire, WINSTON & STRAWN LLP, 35 West Wacker Drive, Chicago, Illinois 6060, and/or (iii) Justin E. Rawlins, WINSTON & STRAWN LLP, 333 South Grand Avenue, 38th Floor, Los Angeles, CA 90071.

    6.    EnLink is the lender under a Certain Term Loan Credit Agreement, dated May 9, 2018, by and between White Star Petroleum Holdings, LLC, WSP, and EnLink, and may be served with process through its (i) registered agent, The Corporation Company at 1833 South Morgan Road, Oklahoma City, OK 73128 and (ii) attorneys of record Lysbeth L. George, Law Office of Liz George, PLLC, 1019 N. Council, Ste. 3, Blanchard, OK 73010 and/or Lyle R. Nelson and

Wyatt D. Swinford, Elias, Books, Brown & Nelson, PC, Two Leadership Square, Ste. 1300, 211 N. Robinson Ave., Oklahoma City, OK  73102-6803.

7.      Blue Ox is a Delaware limited liability company and may be served with process by serving (i) its registered agent The Corporation Company, 1833 South Morgan Road, Oklahoma City, OK  73128 and (ii) its attorney of record, Caroline C. Fuller, Fairfield and Woods, P.C., 1801 California, Suite 2600, Denver, CO 80201.

8.      Oneok is an Oklahoma limited liability company and may be served with process by serving its registered agent, National Registered Agents, Inc., 1833 South Morgan Road, Oklahoma City, OK  73128.

9.      Rose Rock is a Delaware limited liability company and may be served with process by serving its registered agent The Corporation Company, 1833 S. Morgan Rd., Oklahoma City, OK  73128.

10.      Wildboar is an Oklahoma limited liability company and may be served with process through its (i) registered agent, Jonathan Kraft, 5824 Irvine Drive, Edmond, OK 73025.

### Other M&M Lien Claimant Defendants

11.      AG is an Oklahoma limited liability company and may be served with process through its (i) registered agent, Tom Fanning, 2716 Sweetbriar, Edmond, OK  73034 and (ii) attorney of record, McAlister McAlister Baker & Nicklas, Attn.: Brandon Baker, Kirkpatrick Bank Building, 15 E. 15th Street, Suite 200, P. O.  Box 1569, Edmond, OK 73083-1569.

12.      Cactus is an Oklahoma limited liability company and may be served with process by serving its registered agent and attorney of record, Frederic Dorwart, Lawyers PLLC, 124 East Fourth Street, Tulsa, OK 74103-5010.

13.      Casing Equipment is an Oklahoma limited liability company and may be served

with process through its (i) registered agent, J. Clay Christensen, 3401 NW 63rd Street, Suite 600, Oklahoma City, OK 73116 and (ii) attorney of record, Jonathan M. Miles, Christensen Law Group, PLLC, The Parkway Building, 3401 N. W. 63rd Street, Suite 600, Oklahoma City, OK 73116.

14.    Great Plains is an Oklahoma corporation and may be served with process through its (i) registered agent, Capitol Document Services, 1833 S. Morgan Rd., Oklahoma City, OK 73128 and (ii) attorney of record, Zachary S. McKay, Doré Law Group, P.C., 17171 Park Row, Suite 160, Houston, Texas 77084.

15.    H2 is an Oklahoma limited liability company and may be served with process through its (i) registered agent William R. Cook II, 1900 NW Expressway, #1350, Oklahoma City, OK 73118 and (ii) attorney of record Cecil W. Heaton, 2 East 11th, Suite 112, Edmond, OK 73034.

16.    Halliburton is a Delaware corporation and may be served with process through its (i) registered agent, Capitol Document Services, 1833 S. Morgan Rd., Oklahoma City, OK 73128 and (ii) attorney of record, Zachary S. McKay, Doré Law Group, P.C., 17171 Park Row, Suite 160, Houston, Texas 77084.

17.    Impac is an Oklahoma corporation and may be served with process through its (i) registered agent, Chris Craighead, Rt 5 Box 119, Weatherford, OK 73096 and (ii) attorney of record, Stephen D. Beam, P.O. Box 31, Weatherford, OK 73096 and at 110 South Broadway, Weatherford, OK 73096-4924.

18.    Integrated is an Oklahoma limited liability company and may be served with process through its (i) registered agent Robert D. McCutcheon, 1021 NW Grand Blvd., Oklahoma City, OK 73118 and (ii) its attorney of record, Meredith W. Wolfe, The Rudnicki Firm, 6305 Waterford Blvd., Suite 325, Oklahoma City, OK 73118.

19.    Jackson is an Oklahoma limited liability company and may be served with process

through its (i) registered agent Garrett W. Jackson, 930255 S. 3320 Rd., Wellston, OK 74881 and its attorney Michael A. Rubenstein, Rubenstein & Pitts, PLLC, 1503 East 19th Street, Edmond, OK 73013.

20.     Journey is an Oklahoma limited liability company and may be served with process through its (i) registered agent John D. Robertson, 201 Robert S. Kerr Avenue, Suite 1600, Oklahoma City, OK 73102 and (ii) attorney of record, Clayton D. Ketter, Phillips Murrah PC, Corporate Tower 13th Floor, 101 North Robinson Avenue, Oklahoma City, OK 73102.

21.     Legacy is an Oklahoma limited liability company and may be served with process through its (i) registered agent, Phillip Sherman, 1245 Independence St., Lucien, OK 73757 and (ii) attorney of record, Richard P. Propester, Crowe & Dunlevy, PC, 324 North Robinson, Suite 100, Oklahoma City, OK 73102.

22.     Longhorn is an Oklahoma limited liability company and may be served with process through its (i) registered agent, Jonathan Kifer, 616 E. Macy Ln., Stillwater, OK 74075 and (ii) attorney of record, William Bailey Cook III, 1312 Cradduck Rd., P.O. Box 1391, Ada, OK 74821.

23.     Midcon is an Oklahoma limited liability company and may be served with process through its (i) registered agent, Michael Chad Elerick, 1407 18th St., Woodward, OK 73801, and (ii) attorney of record, Gary David Quinnett, Law Offices of Gary David Quinnett, PLLC, 2932 N.W. 122nd St., Suite A, Oklahoma City, OK 73120.

24.     Monster is an Oklahoma limited liability company and may be served with process through its registered agent, Bryan N. Evans, 211 N. Broadway, Edmond, OK 73034.

25.     Mustang is a Delaware limited liability company authorized to do business in Oklahoma and may be served with process through its (i) registered agent, Mark Cochran, 4500

S. 129th Avenue #150, Tulsa, OK 74134 and (ii) attorney of record, Mark A. Craige, Crowe &

Dunlevy, 500 Kennedy Building, 321 South Boston Ave., Tulsa, OK 74103.

26.     NOV is Delaware limited partnership authorized to do business in Oklahoma and

may be served with process through its (i) registered agent, The Corporation Company, 1833 S.

Morgan Rd., Oklahoma City, OK and (ii) attorneys of record, Steven W. Soule, Hall Estill

Hardwick Gable Golden & Nelson PC, 320 South Boston Avenue, Suite 200, Tulsa, OK 74103-

3706 and Brian A. Baker, Stacy & Baker, PC, 1010 Lamar Street, Suite 550, Houston, TX 77002.

27.     Oil States is a Delaware limited liability company and may be served with process

through its (i) registered agent Capitol Corporate Services, Inc., 206 E. 9th St., Ste 1300, Austin,

TX 78701.

28.     Payzone is a Delaware limited liability company and may be served with process

through its (i) registered agent, Kevin Wisner, 703 S. Western Rd., Stillwater, OK 74074 and (ii)

attorney of record, Richard Propester, Crowe & Dunlevy PC, 324 North Robinson, Suite 100,

Oklahoma City, OK 73102.

29.     Pump Down is an Oklahoma limited liability company and may be served with

process through its (i) registered agent, Kelly Boatwright, 12108 S. Wentworth Place, Oklahoma

City, OK 73170 and (ii) attorney of record, Shawn D Fulkerson, Fulkerson and Fulkerson, PC,

10444 Greenbriar Place Suite A, Oklahoma City, OK 73159.

30.     Pyramid is a Delaware limited liability company and may be served with process

through its Vice President of Finance, Ted Bigelow, 2 Northpoint Drive Suite 610, Houston, TX

77060.

31.     Ram is an Oklahoma limited liability company and may be served with process

through its registered agent, Ram Oilfield Services, 5858 S. 129th E Ave., Tulsa, OK 74134.

32.     RedZone is a Texas limited liability company and may be served with process through its registered agent, David Bradford, 4302 E. 116th Pl., Tulsa, OK 74137.

33.     Resistol is an Oklahoma limited liability company and may be served with process through its registered agent, Jarrod Murray, 1703 Venture, Elk City, OK 73644.

34.     Shebester is an Oklahoma corporation and may be served with process through its registered agent and attorney of record, Michael A. Bickford, Fuller, Tubb, Bickford & Krahl, PLLC, 201 Robert S. Kerr Ave., Suite 1000, Oklahoma City, OK 73102.

35.     Smith is a Delaware company authorized to do business in Oklahoma and may be served with process through its (i) registered agent, Capital Document Services, Inc., 1833 S. Morgan Rd., Oklahoma City, OK 73128 and (ii) attorney of record, Zachary McKay, Dore Rothberg McKay, P.C., 17171 Park Row, Suite 160, Houston, TX 77084.

36.     Thru is a Delaware corporation and may be served with process through its registered agent, Corporation Service Company, 10300 Greenbriar Place, Oklahoma City, OK 73159.

37.     Tres is an Oklahoma corporation and may be served with process through its (i) registered agent, Stan Dobler, 7011 N. Robinson, Oklahoma City, OK 73116 and (ii) attorney of record K.D. Lackey, Jr., Attorney at Law, 6 NE 63rd Street, Suite 275, Oklahoma City, OK 73105-1409.

38.     Ulterra is a Texas limited partnership authorized to do business in Oklahoma and may be served with process through its registered agent, The Corporation Company, 1833 S. Morgan Rd., Oklahoma City, OK 73128.

39.     Western is an inactive Oklahoma limited liability company and may be served with process through its attorney of record, Cody Hodgden, Hodgden Law Firm, PO Box 529,

Woodward, OK 73802.

40.    White Welding is an Oklahoma limited liability company and may be served with process through its (i) registered agent, Kevin Wisner, 703 S. Western Rd., Stillwater, OK 74074 and (ii) attorney of record, Richard Propester, Crowe & Dunlevy PC, 324 North Robinson, Suite 100, Oklahoma City, OK  73102.

41.    White Energy is a Delaware limited liability company and may be served with process through its registered agent, Kevin Wisner, 703 S. Western Rd., Stillwater, OK  74074.

42.    Wildcat is a Texas limited liability company and may be served with process through its registered agent, Secretary of State, 2300 N. Lincoln Blvd., Suite 101, Oklahoma City, OK 73105.

## II.
## Jurisdiction & Venue

43.    This adversary proceeding arises in and relates to the above-captioned chapter 11 case now pending in this Court.  This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  This Court has jurisdiction to grant the relief sought herein under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.  Venue is proper under 28 U.S.C. § 1409.

## III.
## Background Facts

44.    WSP, WSP II, Wildboar, and Blue Ox[2] own operating and/or working interests in certain oil and gas leases located within Section 22, Township 17 North, Range 21 West of Roger Mills County, Oklahoma (the "Subject Leases").  The Subject Leases are operated as a single unit pursuant to Spacing Order No. 208237 issued by the Oklahoma Corporation Commission (the

---

[2]    Collectively, WSP, WSP II, Wildboar, and Blue Ox are the "Mineral Interest Owners."

10

"Subject Unit").

45.     Baker Hughes Lien.     Baker Hughes furnished goods, materials, supplies, machinery, equipment and labor under contract with WSP in connection with oil and gas operations conducted on the Subject Unit for which Baker Hughes has not been paid (the "Baker Hughes Materials and Services").  Baker Hughes' claim for the unpaid Baker Hughes Materials and Services is secured by a statutory mechanic's and materialman's liens under 42 O.S. § 144, *et seq.*, which can be summarized as follows:

| Wells | County | Lien Amount | Date Lien Filed | Recordation Number | Book/Page |
|---|---|---|---|---|---|
| Howard 22-17N-21W 1CH | Roger Mills | $60,341.49 | 6/25/2019 | I-2019-001356 | 2421/242 |

(the "Baker Hughes Lien").[3]

46.     MS Directional Lien.     MS Directional furnished goods, materials, supplies, machinery, equipment and labor under contract with WSP in connection with oil and gas operations conducted on the Subject Unit for which MS Directional has not been paid (the "MS Directional Materials and Services").  MS Directional's claim for the unpaid MS Directional Materials and Services is secured by a statutory mechanic's and materialman's liens under 42 O.S. § 144, *et. seq.*, which can be summarized as follows:

| Wells | County | Lien Amount | Date Lien Filed | Recordation Number | Book/Page |
|---|---|---|---|---|---|
| Howard 22-17N-21W 1CH | Roger Mills | $255,707.00 | 6/24/2019 | I-2019-001354 | 2421/209 |

(the "MS Directional Lien").[4]

---

[3]   Baker Hughes perfected the Baker Hughes Lien by filing a copy of the Statement and Affidavit in Support of Lien on Oil and Gas Property attached hereto as **Exhibit 1** in the real property records of Roger Mills County, Oklahoma (the "Baker Hughes Lien Affidavit").

[4]   MS Directional perfected the MS Directional Lien by filing a copy of the Statement and Affidavit in Support of Lien on Mineral Property attached hereto as **Exhibit 2** in the real property records of Roger Mills County, Oklahoma (the "MS Directional Lien Affidavit").

47.     The Baker Hughes and MS Directional Liens (collectively, the "Plaintiffs' Liens") incept and relate back to the commencement of the furnishing of labor and/or materials at the Subject Unit.  *See* 42 O.S. § 144.   Under applicable Oklahoma law, where multiple leases are operated as a unit, statutory liens under 42 O.S. § 144, *et seq*. extend to and encumber the totality of the acreage of each lease included (in whole or in part) in the applicable unit.  *See* 42 O.S. § 144; *In re George Rodman, Inc.,* 38 B.R. 822 (Bankr. W.D. Okla. 1984).  The Plaintiffs' Liens are therefore secured by, *inter alia*, the Mineral Interest Owners' interests in the following property as it relates to the Subject Unit:

- the whole of the land or leasehold interest;

- any oil pipeline or gas pipeline;

- any lease for oil and gas purposes;

- buildings and appurtenances;

- the proceeds from the sale of oil or gas produced therefrom inuring to the working interest, exempting, however, any valid, bona fide reservations of oil or gas payments or overriding royalty interests executed in good faith and payable out of such working interest;

- materials or supplies furnished;

- oil well supplies, tools and other articles used in digging, drilling, torpedoing, operating, completing, or repairing any oil or gas well; and

- the oil or gas wells for which Plaintiffs furnished materials or services and all of the other oil wells, gas wells, fixtures, appliances, buildings, and appurtenances used in operating for oil, gas, and other minerals upon the leasehold and any other property provided for under Oklahoma law.

*See id*. (the "M&M Collateral").

48.     Upon information and belief, Oneok and Rose Rock purchase hydrocarbons produced from the Subject Unit and remit the proceeds from such sales to the Mineral Interest Owners.  The Baker Hughes Lien against the proceeds of the oil and/or gas produced from the

Subject Unit became effective against Oneok and Rose Rock on or about August 23, 2019 when Baker Hughes delivered copies of the Baker Hughes Lien Affidavit to Oneok and Rose Rock via certified mail. *See* Oneok Notice Letter, attached as **Exhibit 3** and Rose Rock Notice Letter, attached as **Exhibit 4**; *see also* 42 O.S. § 144.1.

49.    <u>MUFG Liens</u>.    WSP, WSP II, and MUFG are allegedly parties to a certain Revolving Credit Agreement, dated as of June 30, 2016, as amended.  MUFG asserts that under the Revolving Credit Agreement and associated mortgages and other documents executed in connection therewith (collectively the "<u>MUFG Mortgage Documents</u>"), MUFG holds valid, perfected, enforceable first-priority liens and security interests on all assets and property of WSP and WSP II, including oil and gas leasehold interests, working interests, and associated property rights.

50.    <u>EnLink Liens</u>.    White Star Petroleum Holdings LLC, WSP, and EnLink are allegedly parties to a certain Term Loan Credit Agreement, dated as of May 9, 2018, as amended. EnLink asserts that under the Term Loan Credit Agreement and associated mortgages and other documents executed in connection therewith (collectively the "<u>EnLink Mortgage Documents</u>"), EnLink holds valid, perfected, enforceable liens and security interests on certain property of WSP and WSP II, including oil and gas leasehold interests, working interests, and associated property rights.

51.    <u>Other M&M Lien Claimants</u>.    Upon information and belief, the Other M&M Lien Claimants also assert statutory mechanic's and materialman's liens against WSP's, WSP II's, Wild Boar's, and Blue Ox's interests in the M&M Collateral.

52.    <u>Bankruptcy</u>.    On May 24, 2019, Baker Hughes, Mustang Heavy Haul, LLC, Latshaw Drilling Company, LLC, MS Directional LLC, and Cactus Drilling Company, LLC filed

an involuntary petition against WSP under chapter 11 of the United States Bankruptcy Code in this Court. On May 28, 2019, WSP, WSP II, White Star Petroleum Holdings, LLC, White Star Petroleum Operating, LLC, and WSP Finance Corporation (collectively the "Debtors") filed voluntary bankruptcy petitions under chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. On June 20, 2019, this Court entered its *Order Transferring Venue*, which transferred Debtors' voluntary cases to this Court. *See* Dkt. No. 67 in Case No. 19-12521. On July 3, 2019, the Court entered the *Stipulation and Agreed Order (i) for Relief in Involuntary Case and (ii) Consolidating Voluntary Case with Involuntary Case*, which, *inter alia*, constituted entry of the order for relief in WSP's involuntary case and consolidated WSP's involuntary case with its voluntary case. *See* Dkt. No. 190 in Case No. 19-12145. Debtors' individual bankruptcy cases are jointly administered under Case No. 19-12521. *See* Dkt. No. 27.

53.    Cash Collateral Order and Challenge Rights. Under Debtors' final cash collateral order, Debtors stipulate that the MUFG Liens are first priority liens encumbering substantially all of Debtors' property interests. Dkt. No. 328 in Case No. 19-12521. The final cash collateral order also provides that nothing therein "shall prejudice the rights of any party-in-interest … to challenge the validity, priority, enforceability, seniority, avoidability, perfection or extent of any such liens and/or security interests." *Id*.

**IV.**
**Summary**

54.    The purpose of this adversary proceeding is to:

- establish that Plaintiffs' Liens are valid, perfected, and enforceable against the Mineral Interest Owners' interests in the M&M Collateral;

- establish the relative priority of Plaintiffs' Liens vis-à-vis MUFG, EnLink, and the

14

Other M&M Lien Claimants[5],

- obtain a declaratory judgment, under 42. O.S. § 144.2, that WSP is a trustee of all funds it receives under contracts related to operations on the Subject Unit, that such funds are trust funds to be held for the benefit of all holders of valid liens against the M&M Collateral under 42 O.S. § 144, *et seq*. (i.e. not estate property), and that WSP is obligated to use such trust funds to pay all such valid lien claims; and

- foreclose on Plaintiffs' Liens against M&M Collateral owned by non-debtors Wildboar and Blue Ox.

Adjudication of these matters will establish issues necessary to any subsequent motion filed under FED. R. BANKR. P. 3012 seeking a determination of (i) the value of WSP's and WSP II's interests in the relevant oil and gas property and (ii) the secured amount of Plaintiffs' and Other M&M Lien Claimants' claims in WSP's and WSP II's bankruptcy cases.

## V.
## Causes of Action

## COUNT 1
## Declaratory Judgment Regarding Amount, Validity, Perfection, and Enforceability of Plaintiffs' Liens

55.    The allegations in Count 1 are directed against all Defendants.

56.    Plaintiffs incorporate by reference all paragraphs above.

57.    This claim for relief arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and Bankruptcy Rule 7001(2) and (9).

58.    <u>Principal Amounts Owed Baker Hughes</u>.  Baker Hughes provided the contracted-for Baker Hughes Materials and Services to WSP at the Subject Unit as set forth in the Baker Hughes Lien Affidavit.  The principal amount of the Baker Hughes Lien claim is $60,341.49 (the "<u>Baker Hughes Principal Amount</u>").  Said amount is due and owning.  All just and lawful offsets,

---

[5]    42 O.S. § 173 requires Plaintiffs to include the Other M&M Lien Claimants as parties to this adversary proceeding.  *See* 42 O.S. § 173 ("In such actions all persons whose liens are filed as herein provided shall be made parties ….").

payments, and credits, if any, have been made and allowed.  The above stated amount charged for the Baker Hughes Materials and Services are, and were at the time and place of performance, reasonable and were agreed upon by Baker Hughes and WSP prior to and/or at the time the labor and materials were furnished.

59.    <u>Principal Amounts Owed MS Directional</u>.  MS Directional provided the contracted-for MS Directional Materials and Services to WSP at the Subject Unit as set forth in the MS Directional Lien Affidavit.  The principal amount of the MS Directional Lien claim is $255,707.00 (the "<u>MS Directional Principal Amount</u>").  Said amount is due and owning.  All just and lawful offsets, payments, and credits, if any, have been made and allowed.  The above stated amount charged for the MS Directional Materials and Services are, and were at the time and place of performance, reasonable and were agreed upon by MS Directional and WSP prior to and/or at the time the labor and materials were furnished.

60.    <u>Perfection of Baker Hughes Lien</u>.  Baker Hughes caused the Baker Hughes Lien Affidavit to be filed in the office of the Roger Mills County Clerk within one hundred eighty (180) days of the date Baker Hughes last provided the Baker Hughes Materials and Services to the Subject Unit.  *See* 42 O.S. § 146.  The Baker Hughes Lien Affidavit complies with all requirements of 42 O.S. § 144, *et seq*.  Accordingly, the Baker Hughes Lien attaches to and encumbers the M&M Collateral and secures the Baker Hughes Principal Amount, plus interest thereon and attorneys' fees.  *See* 42 O.S. § 176.

61.    <u>Perfection of MS Directional Lien</u>.  MS Directional caused the MS Directional Lien Affidavit to be filed in the office of the Roger Mills County Clerk within one hundred eighty (180) days of the date MS Directional last provided the MS Directional Materials and Services to the Subject Unit.  *See* 42 O.S. § 146.  The MS Directional Lien Affidavit complies with all

requirements of 42 O.S. § 144, *et seq*.  Accordingly, the MS Directional Lien attaches to and encumbers the M&M Collateral and secures the MS Directional Principal Amount, plus interest thereon and attorneys' fees.  *See* 42 O.S. § 176.

62.    <u>Relief Sought With Respect to Count 1</u>:  Plaintiffs request that the Court issue judgment:

a.    declaring that WSP is indebted to Baker Hughes in the Baker Hughes Principal Amount for the Baker Hughes Materials and Services, plus interest at the contract rate and Baker Hughes' reasonable attorneys' fees;

b.    declaring that WSP is indebted to MS Directional in the MS Directional Principal Amount for the MS Directional Materials and Services, plus interest at the contract rate and MS Directional's reasonable attorneys' fees;

c.    establishing the Mineral Interest Owners' respective ownership interests in the Subject Unit and M&M Collateral;

d.    declaring that Plaintiffs' Liens are valid, perfected, enforceable, and encumber Mineral Interest Owners' interests in the M&M Collateral; and

e.    awarding such other and further relief which Plaintiffs may be justly entitled to receive.

## COUNT 2
### Declaratory Judgment Regarding Priority of Plaintiffs' Liens

63.    The allegations contained in Count 2 are directed against WSP, MUFG, EnLink, and Other M&M Lien Claimants.

64.    Plaintiffs incorporate by reference all paragraphs above.

65.    This claim for relief arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and Bankruptcy Rule 7001(2) and (9).

66.    Plaintiffs' Liens have priority over "all other liens or encumbrances which may attach to or upon said leasehold for gas and oil purposes and upon any oil or gas pipeline, or such oil and gas wells and the material and machinery so furnished and the leasehold for oil and gas

purposes and the fixtures and appliances thereon subsequent to the commencement" of the materials and services Plaintiffs provided to WSP at the Subject Unit. 42 O.S. § 144; *Appleby*, 864 P.2d at 834.

67.    MUFG and EnLink assert valid, perfected, enforceable liens and security interests in the M&M Collateral that are senior to Plaintiffs' Liens. The MUFG and EnLink Mortgage Documents, however, fail to identify or adequately describe WSP and/or WSP II's interests in the Subject Unit. *See Baker Hughes Oilfield Operations, Inc. v. Union Bank of Cal., N.A. (In re Cornerstone E&P Co.)*, 435 B.R. 390, 409 (Bankr. N.D. Tex. 2010) (explaining that under Oklahoma law a prior recorded mortgage does not provide constructive notice to "subsequent purchasers or encumbrancers" unless such properties are "specifically listed" in the filed mortgage documents).

68.    The Other M&M Lien Claimants assert statutory mechanic's and materialman's liens against the M&M Collateral under 42 O.S. § 144, *et seq*. The validity of the claims and liens asserted by the Other M&M Lien Claimants must be resolved in order to determine the parties' respective rights to the M&M Collateral. The validity of the claims and liens asserted by the Other M&M Lien Claimants are at this time disputed.

69.    <u>Relief Sought With Respect to Count 2</u>:  Plaintiffs request that the Court issue judgment:

    a.    declaring that MUFG does not have a valid, perfected, or enforceable lien against the Subject Unit with priority over Plaintiffs' Liens;

    b.    declaring that EnLink does not have a valid, perfected, or enforceable lien against the Subject Unit with priority over Plaintiffs' Liens;

    c.    adjudging that the claims and liens of any Other M&M Lien Claimant that fails to timely answer this Complaint are invalid and do not attach to or encumber the M&M Collateral and are discharged and removed;

    d.      declaring the validity, priority, and amount of the claims and liens of any Other M&M Lien Claimant that timely appears and answers this Complaint;

    e.      awarding Plaintiffs' reasonable attorneys' fees incurred in connection with prosecution of this adversary proceeding pursuant to 42 O.S. § 176; and

    f.      awarding such other and further relief which Plaintiffs may be justly entitled to receive.

## COUNT 3
## Declaratory Judgment Regarding Trust Funds

70.     The allegations in Count 3 are directed against WSP.

71.     Plaintiffs incorporate by reference all paragraphs above.

72.     This claim for relief arises under the Federal Declaratory Judgment Act, 28 U.S.C.

§ 2201 and Bankruptcy Rule 7001(2) and (9).

73.     42 O.S. § 144.2 provides that:

A.     Except as provided by subsection D of this section, the amount payable under any oil and gas well drilling contract, reworking contract, operating agreement, or monies payable as a condition of participation in the drilling of an oil and gas well under the terms of a pooling order issued by the Oklahoma Corporation Commission shall, upon receipt by any oil and gas well operator, contractor or subcontractor, be held by such operator as trust funds for the payment of all lienable claims due and owing by such operator, contractor or subcontractor by reason of such drilling contract, reworking contract, operating agreement, or force pooling order.

B.     The trust funds created under subsection A of this section shall be applied to the payment of said valid lienable claims and no portion thereof shall be used for any other purpose until all lienable claims due and owing or to become due and owing shall have been paid.

C.     The existence of such trust funds shall not prohibit the filing or enforcement of any labor, mechanic or materialman's lien against the affected real property by any lien claimant, nor shall the filing of such lien release the holder of such funds from the obligations created under this section.

D.     The provisions of this section shall not be applicable or affect payments owed to royalty owners by the operator of an oil or gas well and shall not affect or alter the terms or provisions of Section 87.1 of Title 52 of the Oklahoma Statutes.

42 O.S. § 144.2. Accordingly, with the exception of monies owed to royalty owners, Plaintiffs are

trust beneficiaries of funds that WSP receives under "oil and gas well drilling contract[s],

reworking contract[s], operating agreement[s], or monies payable as a condition of participation in the drilling of an oil and gas well under the terms of a pooling order issued by the Oklahoma Corporation Commission" for operations conducted at the Subject Unit until Plaintiffs' Liens are paid in full.

74.     Relief Sought With Respect to Count 3:   Plaintiffs request that the Court issue judgment:

a.     declaring that 42 O.S. § 144.2 creates a statutory trust (the "Trust") of all funds that WSP receives under any "oil and gas well drilling contract, reworking contract, operating agreement, or monies payable as a condition of participation in the drilling of an oil and gas well under the terms of a pooling order issued by the Oklahoma Corporation Commission" for operations at the Subject Unit (the "Trust Funds");

b.     declaring that WSP is the statutory "Trustee" of the Trust Funds under 42 O.S. § 144.2;

c.     declaring that Plaintiffs and any Other M&M Lien Claimant with a valid, perfected, and enforceable lien under 42 O.S. § 144, *et. seq.* against the M&M Collateral are "Trust Beneficiaries" of the Trust Funds;

d.     ordering Trustee to (i) account for all Trust Funds that have come into its possession from the earliest lien inception date of a valid, perfected, and enforceable lien under 42 O.S. §144, *et seq.* and (ii) apply all Trust Funds to the payment of valid lienable claims [under 42 O.S. § 144, et seq.]" and not use any Trust Funds "for any other purpose until all lienable claims [under 42 O.S. § 144, et seq.]" have been paid in full; and

e.     awarding such other and further relief which Plaintiffs may be justly entitled to receive.

## COUNT 4
## Lien Foreclosure

75.     The allegations in Count 4 are directed against Wildboar and Blue Ox.

76.     Plaintiffs incorporate by reference all paragraphs above.

77.     Plaintiffs' Liens attach to and encumber Wildboar's and Blue Ox's interests in the M&M Collateral as well as the interests of any other persons who own interests in the Subject Unit

but whose interests were not recorded in the real property records of Roger Mills County, Oklahoma prior to Plaintiffs' respective lien inception dates (the "Subject Non-Debtor M&M Collateral").  Pursuant to, *inter alia*, 42 O.S. §§ 172 & 175, Plaintiffs are entitled to judgment ordering the foreclosure of Plaintiffs' Liens against the Subject Non-Debtor M&M Collateral and the sale of same to the highest bidder, with the proceeds thereof to be applied against the principal amounts owed Plaintiffs, plus interest and attorneys' fees.

78.    Relief Sought With Respect to Count 4:  Plaintiffs request that the Court issue judgment:

a.    foreclosing on Plaintiffs' Liens against the Subject Non-Debtor M&M Collateral;

b.    directing the sheriff of Roger Mills County, Oklahoma to sell the Subject Non-Debtor M&M Collateral at a foreclosure sale to the highest bidder with the proceeds to be applied against the principal indebtedness, interest, and attorneys' fees owed to Plaintiffs and any Other M&M Lien Claimant that the Court adjudges to hold a valid, perfected, and enforceable lien against the Subject Non-Debtor M&M Collateral;

c.    authorizing Plaintiffs to credit bid at the foreclosure sale all or a portion of the indebtedness owed to them;

d.    directing that the proceeds from the foreclosure sale be paid to Plaintiffs and any Other M&M Lien Claimant that the Court adjudges to hold a valid, perfected, and enforceable lien against the Subject Non-Debtor Collateral on a pro rata basis; and

e.    such other and further relief which Plaintiffs may be justly entitled to receive.

## COUNT 5
### Lien Foreclosure

79.    The allegations in Count 5 are directed against Oneok and Rose Rock.

80.    Plaintiffs incorporate by reference all paragraphs above.

81.    Upon information and belief, Oneok and Rose Rock purchase hydrocarbons produced from the Subject Unit and remit proceeds to the Mineral Interest Owners.  Baker Hughes' Lien attaches to and encumbers proceeds obtained from the sale of hydrocarbons produced from

the Subject Unit.  *See* 42 O.S. § 144.  Baker Hughes' Lien became effective against Oneok and

Rose Rock when Baker Hughes delivered copies of its lien affidavit to Oneok and Rose Rock via

certified mail.  *See* 42 O.S. § 144.1.  Baker Hughes is entitled to judgment ordering foreclosure of

the Baker Hughes Lien against proceeds from the sale of hydrocarbons produced from the Subject

Unit that Oneok and Rose Rock owe and are attributable to Wildboar's and Blue Ox's interests in

the Subject Unit (the "Subject Proceeds"), with such proceeds to be applied against the principal

amount owed to Baker Hughes, plus interest and attorneys' fees.

82.    Relief Sought With Respect to Count 5:  Baker Hughes requests that the Court issue

judgment:

    a.    foreclosing on the Baker Hughes Lien against the Subject Proceeds;

    b.    directing Oneok and Rose Rock to pay the Subject Proceeds to Baker Hughes until
          the principal indebtedness owed to Baker Hughes, plus interest and attorneys' fees,
          has been paid in full; and

    c.    awarding such other and further relief which Baker Hughes may be justly entitled
          to receive.

## VI.
## Conditions Precedent

83.    All conditions precedent have been performed or have occurred.

84.    By filing this suit, Plaintiffs do not waive or release any rights, claims, causes of

action, or defenses, or make any election of remedies that they now have or may have, but

expressly reserve all such rights, claims, causes of action, and defenses, whether or not the same

have been asserted or may hereafter be asserted in this or any other proceeding.

## PRAYER

WHEREFORE, Baker Hughes Oilfield Operations LLC and MS Directional, LLC respectfully request that the Court enter judgment in their favor and grant the relief requested herein and for such other and further relief to which they may be entitled.

Dated: September 9, 2019

Respectfully submitted,

*/s/ James B. Hamm*
Phil F. Snow, TX State Bar #18812600
(Pro Hac Vice)
James B. Hamm, TX State Bar #24069869
(Pro Hac Vice)
**SNOW SPENCE GREEN LLP**
P. O. Box 549
Hockley, TX  77447
Telephone (713) 335-4868
Facsimile (713) 335-4848
Email:  philsnow@snowspencelaw.com
        blakehamm@snowspencelaw.com

**ATTORNEYS FOR BAKER HUGHES OILFIELD OPERATIONS LLC**

*/s/ William R. Sudela*
William R. Sudela, TX State Bar #19463300
(Pro Hac Vice Pending)
**CRADY JEWETT MCCULLEY & HOUREN LLP**
2727 Allen Parkway, Suite 1700
Houston, TX  77019-2125
Telephone (713) 739-7007
Facsimile (713) 739-8403
Email:  wsudela@cjmhlaw.com

**ATTORNEYS FOR MS DIRECTIONAL, LLC**

/s/ Bradley E. Davenport
Bradley E. Davenport, OBA No. 18687
**DOERNER, SAUNDERS,**
   **DANIEL & ANDERSON, L.L.P.**
210 Park Avenue, Suite 1200
Oklahoma City, OK 73102
Phone:  (405) 898-8654
Fax:  (405) 898-8684
Email:  bdavenport@dsda.com

**LOCAL COUNSEL FOR BAKER
HUGHES OILFIELD OPERATIONS
LLC AND MS DIRECTIONAL, LLC**